**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>MATHEW DALE GOODWIN and SHANNON MARIE GOODWIN,<br><br>        Debtors. | Case No. 20-25031-A-7 |
| JUSTIN LAWS and MARY LAWS,<br><br>        Plaintiffs,<br><br>   v.<br><br>MATHEW DALE GOODWIN and SHANNON MARIE GOODWIN,<br><br>        Defendants. | Adv. No. 21-2011-A |

**MEMORANDUM**

    Plaintiffs Justin Laws and Mary Laws seek to prove up a default judgment against Mathew Dale Goodwin, arguing that an unconfirmed California arbitrator's award is issue preclusive with respect to an action for non-dischargeable fraud, 11 U.S.C. § 523(a)(2)(A), pending before this court.

    The standards for applying issue preclusion are well known. "In federal courts, the preclusive effect of a state court judgment is decided by the law of the state in which the judgment was rendered. *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995)." *In re Javahery*, No. 2:14-BK-33249-DS, 2017 WL 971780, at *5 (B.A.P. 9th Cir. Mar. 14, 2017), *aff'd*, 742 F. App'x 307 (9th Cir. 2018).

> In California, "[c]ollateral estoppel precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990) (in bank). California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine. See *id*. at 1225, 1226. There are five threshold requirements:
>
> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. *Fourth, the decision in the former proceeding must be final and on the merits*. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (emphasis added).

    California does not recognize an arbitrator's award, not yet confirmed by the state court, Cal. Code of Civ. Proc. § 1288, as "final" for the purposes of issue preclusion. *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1039 (N.D. Cal. 1990), citing *State*

*Farm Mutual Auto. Ins. Co. v. Super. Ct.,* 211 Cal.App.3d 5, 16 (1989); *Sartor v. Super. Ct.,* 136 Cal.App.3d 322, 328 (1982).

Here, the plaintiffs concede that the arbitrator's award was not reduced to judgment. Compl. 6:3-4, February 4, 2021, ECF No. 1. Consequently, the finality element of issue preclusion has not been satisfied. Issue preclusion is inapplicable.

The motion for entry of default judgment will be denied. The court will issue an order from chambers.

Dated: Jul 19, 2021

Fredrick E. Clement
United States Bankruptcy Judge

3

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked \_\_\_\_, via the U.S. mail.

| **Attorney for the Plaintiff**(s) | **Mathew and Shannon Goodwin**<br>16325 Tacoma Lane<br>Anderson, CA  96007 |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |